535 F.Supp. 997 (1982)
William F. BELL, Plaintiff,
v.
William F. BOLGER, Postmaster General, United States Postal Service, Defendant.
No. 81-0043-C (C).
United States District Court, E. D. Missouri, E. D.
March 4, 1982.
*998 *999 Louis Gilden, St. Louis, Mo., for plaintiff.
Gregg Sackrider, Chicago, Ill., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
MEREDITH, District Judge.
This matter is before the Court for a decision on the merits after trial to the Court. After consideration of the pleadings, testimony and exhibits introduced at trial, the parties' briefs and the applicable law, the Court makes the following findings of fact and conclusions of law.

Findings of Fact
1. Plaintiff, William F. Bell, is a black male residing within the Eastern District of Missouri and was, at the time the subject matter of this complaint arose, forty-three years of age.
2. Defendant is the Postmaster General of the United States.
3. On May 11, 1978, the St. Louis Post Office posted a notice of vacancy for the position of Labor Relations Assistant in its Employee and Labor Relations Department.
4. The posted notice reflected the qualifications needed for the job: a college level understanding of business and personnel administration and knowledge of the principles and techniques of particular specialties.
5. Plaintiff, along with forty-one other employees, applied for the vacancy. The applications were screened, and a promotion review committee interviewed seven applicants who were best qualified to compete for the position.
6. The review committee consisted of Victor Roberts, Chairman (Black, Male, Age 59), then Supervisor of Incentive Awards, now retired; Pamela Hammond (White, Female, Age 36), Supply Management Officer; Jack LaZard, Jr. (Black, Male, Age 52), then Postmaster, Florissant, Missouri, now Postmaster, Brooklyn, New York; Joseph Mueckl (White, Male, Age 45), then General Foreman, Delivery and Collection, now, Manager, Delivery and Collection; and James Moody (White, Male, Age 54), then Labor Relations Assistant, now Labor Relations Representative.
7. This review committee had never before sat together as a review committee. The Postal Service's practice is to choose a new review committee to fill each new vacancy. Different forms to aid in evaluating each applicant also change with each new vacancy.
8. The promotion committee selected the following seven candidates for interviewing: William F. Bell (Black, Male, Age 43, Security Police Officer); Charles V. Stevens (White, Male, Age 32, Personnel Assistant); Francis J. Sorice (White, Male, Age 33, Superintendent, Stations and Branches); Clifford Sledge, Jr. (Black, Male, Age 53, Foreman of Mails); Grace Corbin (Black, Female, Age 37, Clerk and EEO Counselor); William E. Moore (Black, *1000 Male, Age 41, Supervisor, Mails and Delivery); and Harry Casey (Black, Male, Age 53, Foreman of Mails).
9. The interview for each applicant lasted approximately the same amount of time. The committee asked each applicant the same set of specific questions.
10. The plaintiff was asked questions relating to the National Labor Agreement, as were the rest of the applicants. Plaintiff was not knowledgeable about that Agreement.
11. Plaintiff did not receive notice of his interview time and so was not on time for his interview. He was notified earlier in the day of the interview when his interview was scheduled.
12. The review committee used various items in reaching its final decision. Items used were the interview, applications, official personnel folders, and a Postal Service Form 442. None of these items was used as the sole determining factor in selection of the best qualified candidates.
13. Based on the above factors, each member awarded each applicant a numerical value. The values for each applicant were as follows: Stevens, 41; Casey, 37; Corbin, 32; Sorice, 31; Bell, 28; Moore, 27; Sledge, 25.
14. Plaintiff was rated lower than some of the other applicants because he came to the interview unprepared and because he had no knowledge of the National Labor Agreement.
15. The reviewing committee was to recommend three to five highly qualified candidates to the selection official. They recommended the three top-rated applicants: Stevens, Casey, and Corbin, to the deciding official, Edward M. Hubert, Director of Employee and Labor Relations, St. Louis Management Sectional Center.
16. Edward M. Hubert selected Charles Stevens, Jr. from the three names submitted to him to fill the position.
17. The selecting official selects the person to fill the vacant position from the recommended candidates unless he can justify why none of the applicants are acceptable. All of the candidates were acceptable, and so Edward Hubert's selection is an irrelevant issue. This action centers upon the review committee's selection.
18. Mr. Stevens received a Bachelor of Science Degree from Southeast Missouri State University, majoring in Business Management with a minor in Economics, and had taken collective bargaining and labor relations courses.
19. Plaintiff completed undergraduate work at Southern Illinois University; University of Missouri, St. Louis; and Forest Park Community College, but has not received a degree. His area of study is unknown. He completed courses in labor relations at Forest Park; however, these were not listed on his application. The review committee did not have this information before it when making its selection decisions.
20. Plaintiff was qualified for the position.
21. Plaintiff filed an administrative EEOC complaint alleging that the review committee rejected him due to his race and age.
22. The complaint was investigated and plaintiff was granted an evidentiary hearing before the Equal Employment Opportunity Commission Complaints Examiner, Sue Phillips, on February 5, 1980.
23. On April 18, 1980, Sue Phillips issued her recommendation that the Postal Service issue a decision finding discrimination based on race and/or age.
24. The Postal Service rejected the Complaints Examiner's decision, and plaintiff applied to this court for relief.
25. No evidence exists to indicate that the review committee applied a different standard to plaintiff or treated him differently than any of the other applicants.
26. The review committee recommended three applicants to the selecting official: two blacks and one white, one of whom was over the age of forty.

Conclusions of Law
1. Jurisdiction of this court is invoked pursuant to 29 U.S.C. § 633a(c) and 42 U.S.C. § 2000e 16.
*1001 2. This is a disparate treatment case. The plaintiff is alleging that he was denied a promotion and so was treated differently because of his race and age through ill-defined employment criteria which allowed a practice of discrimination to exist. See Heagney v. University of Washington, 642 F.2d 1157 (9th Cir. 1981). The plaintiff also uses the McDonnell-Douglas v. Green disparate treatment test to prove his prima facie case of discrimination. See McDonnell-Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
3. As this is a disparate treatment case, it is to be analyzed as such and not as a disparate impact case. Disparate impact case analysis is irrelevant here.
4. Age discrimination violations are analyzed according to the McDonnell-Douglas disparate treatment tests. See Cova v. Coca-Cola Bottling Co., 574 F.2d 958 (8th Cir. 1976).
5. The plaintiff has proven a prima facie case of employment discrimination through the McDonnell-Douglas test. The plaintiff established that he belongs to a protected minority class (Black and over 40); he applied for the position of Labor Relations Assistant and was qualified; despite his qualifications, he was not selected; and a white male, under 40 was ultimately selected for the position.
6. The defendant met his burden of articulating a genuine issue of fact or a reason other than discrimination on the basis of race or age for plaintiff's non-selection. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The defendant needed to show that the employment decision was based on a legitimate consideration. An employer is not required to give preferred treatment to minorities. See Burdine, supra. The only discrimination prohibited is one based on an unlawful criteria. See 42 U.S.C. § 2000e-16 and 29 U.S.C. § 633a(c). In this case, the defendant has shown that one reason for the employment decision was that the plaintiff had no knowledge of the National Labor Agreement with which the selectee had to work closely. The plaintiff had adequate notice that the job was labor related and entailed workable knowledge of the principals and techniques of particular specialties as required in the position. (Language taken from the posted job qualification description).
7. Because defendant has make this showing, the ultimate burden of proof is on the plaintiff to show that the defendant's reason for the employment discrimination was not the true reason for the decision. The plaintiff must persuade the court that he was a victim of intentional discrimination by the review committee. See Burdine, supra at 256, 101 S.Ct. at 1095.
8. Plaintiff claims the Postal Service's selection procedures are so subjective and biased that the use of such is an intentional act of discrimination. The plaintiff relies on statistical data concerning previous postal promotion actions to prove that such subjective criteria operates in a discriminatory manner. The significance and weight given to statistical data as proof of intentional discrimination in a disparate treatment case is different from that in a disparate impact case. In a disparate treatment case, statistical data are only factors to be considered in determining motive. McDonnell-Douglas v. Green, 411 U.S. 792, 805, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973). Statistical data are not conclusive in a disparate treatment case; they are only an aid in reaching conclusions. Oliver v. Moberly Missouri School District, 427 F.Supp. 82, 87 (E.D.Mo.1977). Statistical data alone cannot establish evidence of purposeful discrimination. Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971).
9. Plaintiff has failed to carry his burden of proving that the review committee's actions intentionally discriminated against the plaintiff on the basis of race or age. Plaintiff has not shown any evidence that he was treated any differently than the rest of the applicants or that a different standard was applied. All he has stated is that the selection criteria was subjective, which had an adverse impact on the whole *1002 selection process, and thus he was injured. That argument is a disparate impact argument (Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971)) and not a disparate treatment argument. In a disparate treatment case, the plaintiff must show that he, himself, was treated differently simply because of his minority status. See Heagney, supra at 1163. This the plaintiff did not do. Instead, he argued a disparate impact analysis. Plaintiff's argument is even weaker considering the race and the ages of the three applicants recommended for the position: two were black and one was over forty. It is difficult to see how the plaintiff was treated differently, given that persons of his race and age were also chosen over him.
For the foregoing reasons, judgment shall be rendered in favor of defendant and against plaintiff.