James F. FAVORS, Plaintiff,

v.

William D. RUCKELSHAUS, Administrator, United States Environmental Protection Agency, Defendant.

Civ. A. No. C82–1591A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 28, 1983.

Dana E. McDonald, Mallard, McDonald & Horder, Atlanta, Ga., for plaintiff.

Jere W. Morehead, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This action, alleging an unjustified failure of defendant United States Environmental Protection Agency (EPA; Agency) to promote plaintiff in a timely manner, is before this court on plaintiff's motion to dismiss or, in the alternative, for summary judgment. On March 14, 1983, this court ruled that based upon the materials presented in support of and in opposition to defendant's motion, defendant's motion shall be treated as one for summary judgment. Pursuant to the Fifth Circuit's decision in *Hickey v. Arkla Industries, Inc.,* 615 F.2d 239 (5th Cir.1980), and Fed.R.Civ.P. 56(c) read in conjunction with Fed.R.Civ.P. 12(b), the parties were given ten days to present all material made pertinent to a Rule 56 motion. Subsequent to this ruling, the parties have filed their versions of undisputed material facts.

Plaintiff brings this action pursuant to six constitutional and statutory bases: (1) The Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.,* (2) the Fifth Amendment to the United States Constitution, (3) the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, (4) the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., (5) the Classification Act of 1949, 5 U.S.C. §§ 5101–5108, and (6) the Back Pay Act of 1966, 5 U.S.C. § 5596. Therefore, as to each claim, the court's inquiry is solely to determine whether there is any genuine issue as to any material fact and, if not, whether defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The undisputed facts are as follows. Plaintiff, born on September 22, 1940, has been employed by defendant in its regional office since its inception. Plaintiff is pres-

ently an employee of defendant and holds a GS–12 grade position.[1] The position of "Equal Opportunity Specialist, GS–160–9/11 (functionally works as Minority Business Enterprise Specialist)" is the subject of this lawsuit. The vacancy announcement shows that this position has a "promotion potential to GS–11," and it is undisputed that it was written before anyone applied for and was interviewed for this position. It appears that in January of 1980, plaintiff bid on and was selected for this position which he held until July 11, 1982, at which point he was promoted to a new position in the Agency with a promotion potential of Grade 12.

Jesse Frank Payne, Jr., was also employed as an Equal Opportunity Specialist at the same time as plaintiff. On November 6, 1980, Mr. Payne was promoted to a GS–12 grade. On January 27, 1981, Mr. Otis Johnson, plaintiff's predecessor, refused to promote plaintiff to a GS–12 grade.

On February 19, 1981, plaintiff initiated an informal administrative complaint pursuant to 29 C.F.R. § 1613 through discussions with an EEO counselor. On April 5, 1981, plaintiff filed a grievance with the United States Environmental Protection Agency alleging race and age discrimination by Ms. Carolyn J. Russell, former Director of the Office of Civil Rights and Urban Affairs in the Atlanta Regional EPA Office; Ms. Russell is a black female. In this formal complaint, plaintiff outlined his perceptions of the following: (a) Ms. Russell's favoritism toward Mr. Payne; (b) antagonism by Ms. Russell toward plaintiff; and (c) how Ms. Russell created "back biting and dissension" among the Civil Rights staff.

On December 30, 1981, plaintiff's complaint was rejected by the Agency on the ground that the complaint was untimely. The Agency specifically ruled that plaintiff failed to contact an EEO counselor within 30 days following the alleged discriminatory act. The Agency reasoned that since the event out of which plaintiff's complaint grew was the promotion of Mr. Payne on

November 6, 1980, and since plaintiff contacted an EEO counselor on February 19, 1981, the complaint cannot be accepted for processing pursuant to 29 C.F.R. § 1613.-214.

On June 29, 1982, the EEOC affirmed the Agency's final decision.

Evidently, plaintiff also filed an administrative challenge of the grade classification of his position. On August 11, 1981, the Regional Administrator of Region IV issued to plaintiff a decision that plaintiff's position was properly classified as a GS–11. The fourth paragraph of this Position Classification Decision notified plaintiff of his right to appeal administratively the classification ruling. Plaintiff failed to file an appeal. See Affidavit of William A. Waldrop, Jr., ¶ 3. Plaintiff has sworn that the reason he did not appeal the ruling was because "as I understand it, a classification appeal cannot involve an agency's decision to lessen the duties of a job." Affidavit of James F. Favors, ¶ 7. It appears that this understanding by plaintiff was based upon his perception of the creation of a new position description that "was prepared [by] taking away certain duties from me and giving them to Mr. Payne, thereby justifying, or attempting to justify, the higher grade for Mr. Payne." Affidavit of James F. Favors, ¶ 6.

As stated previously, in July of 1982, plaintiff was promoted to a new position in the Agency with a promotion potential of Grade 12.

Based on these facts, plaintiff presents a series of arguments. First, he argues that he was eligible to be promoted to a GS–12 continuously from January 27, 1981. He alleges that the inconsistent treatment between himself and Mr. Payne is the essence of his claims. Second, plaintiff argues that the vacancy announcement did not prevent plaintiff's promotion on January 27, 1981. Third, he contends that the administrative decisions denying plaintiff's complaint as untimely were erroneous. While the Agency indicated that plaintiff should have ini-

---

[1]. Although plaintiff is a black male, there is no allegation of race discrimination in this action.

tiated an EEO complaint following the promotion of Mr. Payne on November 6, 1982, plaintiff contends that the relevant date is January 27, 1981, when he allegedly became eligible to be promoted. Finally, plaintiff argues that the July, 1982, promotion was in the nature of a pretext; plaintiff asserts that although the July promotion was to a different position number, the duties were identical to his previous position.

Defendant argues simply that this is not a discrimination case:

> The facts of this case raise only classification issues that should have been raised to proper administrative agencies of the government charged with the responsibility of assuring that proper classification decisions are made in federal employment.

Defendant's Supplemental Memorandum (filed February 4, 1983).

Hence, the legal and/or factual dispute between the parties is centered around three issues: (a) The point at which plaintiff should have initiated the EEO complaint; (b) whether plaintiff was "eligible" to be promoted to GS–12 continuously from January 27, 1981; and (c) the character of the duties inherent in the position that plaintiff was promoted to in July of 1982.

The court notes that no evidence is presented on the facts surrounding or the basis for Otis Johnson's rejection of plaintiff in January of 1981. Moreover, no evidence is presented on the issue of the reasons for Mr. Payne's promotion in November of 1980. Along these lines, the court notes that plaintiff has failed to file an affidavit pursuant to Fed.R.Civ.P. 56(f), outlining reasons why he cannot at this time justify his opposition to defendant's motion.

## I.

As the EPA is an agency in the Executive Branch created pursuant to Reorganization Plan No. 3 of 1970, the applicable Section of the ADEA to this action is Section 633a of Title 29, which provides, in pertinent part, as follows:

> (a) All personnel actions affecting employees . . . who are at least 40 years of age . . . in executive agencies as defined in section 105 of Title 5 . . . shall be made free from any discrimination based on age.
>
> (c) Any person aggrieved may bring a civil action in any Federal District Court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter.
>
> (e) Nothing contained in this section shall relieve any Government agency or official of the responsibility to assure non-discrimination on account of age in employment as required under any provision of Federal Law.

29 U.S.C. § 633a(a), (c), (e) (1976 & Supp. IV 1980). For purposes of analysis, the court shall assume that exhaustion requirements were met as decisions were rendered by the Agency and the EEOC.

██ In his complaint, plaintiff alleges that defendant violated the ADEA by (i) failing and refusing to promote plaintiff during January 27, 1981, to July 18, 1982, and (ii) requiring plaintiff to perform GS–12 duties without compensating plaintiff at GS–12 level. Complaint, ¶ 6 (filed July 30, 1982). Plaintiff is not alleging, therefore, that the selection criteria were subjective to the degree that it had an adverse impact on the whole selection process, and thus plaintiff was injured. Instead, plaintiff appears to allege that as a result of the subjective selection criteria utilized by Otis Johnson and Ms. Russell, plaintiff was treated differently because of his age status. Therefore, inasmuch as plaintiff appears to be alleging a disparate treatment rather than impact, the utilization of the *McDonnell-Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) test is appropriate. *See Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir.1979); *Cova v. The Coca-Cola Bottling Co.,* 574 F.2d 958 (8th Cir.1978); *Bell v. Bolger,* 535 F.Supp. 997 (E.D.Mo. 1982). Thus, a four-prong threshold showing is required; (1) plaintiff is a member of a statutorily protected age group; (2) a job vacancy existed to which plaintiff sought

promotion; (3) plaintiff was qualified for that job vacancy; and (4) age was a determining factor in the failure to promote the plaintiff. *See DeFries v. Haarhues,* 488 F.Supp. 1037 (C.D.Ill.1980).

■ Although defendant points out that when plaintiff was hired for the position which he held in the relevant time period from January of 1981 to July of 1982, he was under the age of 40, the court believes that this is an irrelevant consideration as to whether plaintiff is a member of the statutorily protected age group. The ADEA, in 29 U.S.C. § 633a(a), requires a nexus between personnel actions affecting federal government employees and a minimum of 40 years of age. Here, the complained-of action transpired on January 27, 1981, plaintiff's alleged promotional denial. At this point, plaintiff was 40 years of age. Hence, the court concludes that plaintiff comes within the purview of the ADEA.

■ But, the Act's application to plaintiff ends there. There is no allegation that plaintiff was forced to retire prematurely, *compare Paterson v. Weinberger,* 644 F.2d 521 (5th Cir.1981), nor is there any allegation that a job vacancy existed to which plaintiff sought promotion. *Compare DeFries v. Haarhues, supra.* Furthermore, there is no explicit allegation that plaintiff's age was a determining factor in defendant's failure to "promote" him. All that is presented is plaintiff's perceptions that Ms. Russell's selection criteria were subjective. The pleadings and materials in support of the instant motion do not clearly show what occurred in January, 1981, or who was involved or why plaintiff was entitled to any promotion at that time.

Assuming *arguendo* that plaintiff's allegations can be read as comprehending a nexus between age and a personnel action, plaintiff has failed to bring forth *any* facts—not to mention "specific" facts as required by Fed.R.Civ.P. 56(e)—that age was more than a passing consideration on the part of defendant. In other words, it appears beyond doubt that plaintiff is or will be unable to contend seriously that age is a substantial and motivating factor in the

consideration of plaintiff being denied a promotion on January 27, 1981, and that but for plaintiff's age, plaintiff would have been promoted. *See DeFries v. Haarhues, supra.* Indeed, in July of 1982, plaintiff was promoted to a Grade 12 level.

For these reasons, defendant's motion to dismiss or, in the alternative, for summary judgment, is GRANTED as it relates to plaintiff's claim under the ADEA.

## II.

■ Plaintiff contends that defendant violated the Fifth Amendment by: (a) withholding plaintiff's promotion, (b) requiring plaintiff to perform GS–12 duties without compensating him at a GS–12 level, and (c) violating its own merit protection handbook. Complaint, ¶¶ 10, 11. The Fifth Amendment enjoins federal deprivation of life, liberty, or property without due process of law. Thus, in evaluating whether these claims are cognizable under the Fifth Amendment, a "property" or "liberty" interest must be implicated. *See Board of Regents v. Roth,* 408 U.S. 564, 569–72, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972). Initially, this court notes that insofar as plaintiff's allegations can be read as encompassing an age discrimination ingredient, the Fifth Amendment has no application. *Paterson v. Weinberger,* 644 F.2d 521, 524–25 (5th Cir.1981). Furthermore, as a fundamental premise to the analysis, the court notes that there is no constitutionally protected right to government employment. *E.g., Coleman v. Darden,* 595 F.2d 533, 538 (10th Cir.), *cert. denied,* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979); *Talbot v. Pyke,* 533 F.2d 331 (6th Cir.1976).

No liberty or property interest can be demonstrated on these facts. Simply, here, there is no loss of employment. Plaintiff was not dismissed. Plaintiff was not deprived of a position for which he was hired. *See Gaballah v. Johnson,* 629 F.2d 1191 (7th Cir.1980). Plaintiff was not foreclosed from opportunities to obtain future employment in his profession. Indeed, in July of 1982, plaintiff obtained a GS–12 position.

Hence, plaintiff cannot contend that he is unable to pursue his chosen career due to defendant's acts. At best, plaintiff's allegations and evidence can be read as suggesting that any negativism toward him by Mr. Johnson or Ms. Russell put him at some disadvantage or impediment. At this point, however, the evidence only shows that any disadvantage is subjectively imposed. Nonetheless, this does not entail a showing either that plaintiff had a legitimate entitlement with respect to obtaining compensation at a GS–12 level from January of 1980 to July of 1982 or that his freedom to take advantage of other employment opportunities was curtailed. *See Mazaleski v. Treusdell,* 562 F.2d 701 (D.C.Cir.1977). Furthermore, there is no articulation of any objective stigma attached to plaintiff due to defendant's acts. *See Paul v. Davis,* 424 U.S. 693, 701–10, 96 S.Ct. 1155, 1160–65, 47 L.Ed.2d 405 (1975). Likewise, no governmental action is shown which threatened plaintiff's good name, honor, or integrity. *See McNeill v. Butz,* 480 F.2d 314 (4th Cir. 1973).

Plaintiff was never officially appointed to a GS–12 position until July of 1982. The vacancy announcement to the position which plaintiff held from January of 1980 to July of 1982 stated that it had a promotion potential to GS–11. This announcement was written, and the maximum promotion potential decided upon, before Ms. Russell conducted interviews for that position. *See* Affidavit of Ms. C. Russell. In fact, the EPA's Merit Promotional Manual states:

> The purpose of the Merit Promotion Plan is to provide a method of filling vacancies and to provide the opportunity for promotion into positions on the basis of merit. It is designed to identify the best available candidates eligible for promotion or selection into particular vacancies. However, *this Plan does not guarantee promotion* but rather is intended to assure that all eligible employees receive fair and equitable consideration.

Exhibit 1 to plaintiff's Supplemental Memorandum (filed February 11, 1983) (emphasis added). Therefore, no property interest can be demonstrated. *See McCartin v. Norton,* 674 F.2d 1317 (9th Cir.1982) (a decision not to promote an employee for political reasons does not entail a Fifth Amendment violation); *Lawrence v. Acree,* 665 F.2d 1319, 1325–26 (D.C.Cir.1981) (mere expectations of continued federal employment do not entail a property interest predicate); *National Treasury Employees Union v. Reagan,* 509 F.Supp. 1337, 1345 (D.D.C.), *remanded on other grounds,* 663 F.2d 239 (D.C.Cir.1981) (offers are not protected property interests); *McKenzie v. Calloway,* 456 F.Supp. 590, 604 (E.D.Mich.1978), *affirmed,* 625 F.2d 754 (6th Cir.1980) ("a government employee is entitled only to the right and salary of the position to which he has been appointed") (citing *Peters v. United States,* 208 Ct.Cl. 373, 534 F.2d 232, 234 (1975)).

Inasmuch as these facts do not encompass a liberty or property interest that is being implicated, plaintiff's Fifth Amendment claim must fail.

### III.

■ 5 U.S.C. § 702 provides, in relevant part, as follows:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

The Administrative Procedure Act (APA) does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1976). The import of the APA is to waive sovereign immunity as to all non-monetary claims against governmental

agencies, officers, or employees; the Act does not purport to grant any substantive rights, however. *Hill v. United States,* 571 F.2d 1098, 1102 n. 7 (9th Cir.1978). Although plaintiff does not specifically identify the precise nature of the relief requested under the APA, it appears that plaintiff seeks a declaration that defendant violated this Act in acting arbitrarily and capriciously by failing "to promote and/or compensate the plaintiff at GS–12 level when it employed another person in a position the duties of which required the performance of substantially equal work to that employed by the plaintiff, and the defendant paid that co-employee at the GS–12 level." Complaint, ¶ 12; *see* Prayer of Complaint, ¶ 2.

■ Assuming that plaintiff seeks non-monetary declaratory relief, plaintiff is still required to prove the existence of a substantive right to relief. *McCartin v. Norton,* 674 F.2d 1317, 1319 (9th Cir.1982); *Hill v. United States,* 571 F.2d at 1103. As the previous discussion has shown and the following discussions will show, plaintiff has failed to prove just that.

### IV.

■ Plaintiff contends that defendant violated the Civil Service Reform Act (codified in scattered sections of 5 U.S.C.) by failing to promote or compensate plaintiff and that such a failure was based upon non-merit reasons; these non-merit reasons constitute prohibited personnel practices "within the meaning of CSRA, particularly 5 U.S.C. §§ 2301 and 2302." Complaint, ¶ 13. It appears that plaintiff would want this court to pay particular attention to 5 U.S.C. § 2302(b)(11), which provides:

> Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the

merit system principles contained in Section 2301 of this Title.

5 U.S.C. §§ 2301(b)(2) and (b)(3) provide:

> All employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management without regard to political affiliation, race, color, religion, national origin, sex, marital status, age, or handicapping condition, and with proper regard for their privacy in constitutional rights.
>
> Equal pay should be provided for work of equal value, with appropriate consideration of both national and local rates paid by employers in the private sector, and appropriate incentives and recognition should be provided for excellence in performance.

Insofar as plaintiff's contention could be read as suggesting that a non-merit reason is age, this must be rejected, as the discussion in Part I of this order indicates.

This Act does not appear to create a statutory private right of action or create any substantive rights. *See Broadway v. Block,* 694 F.2d 979, 981–84 (5th Cir.1982); *Borrell v. United States International Communications Agency,* 682 F.2d 981, 985–88 (D.C.Cir.1982). Therefore, this court does not have jurisdiction to entertain plaintiff's claim under the CSRA.

### V.

■ Plaintiff contends that defendant violated the Classification Act:

> The failure and refusal to promote and/or properly compensate the Plaintiff during the period from January 27, 1981, to July 18, 1982, violated the Classification Act of 1949, 5 U.S.C. § 5101 *et seq.,* in that the Defendant employed another person in a position the duties of which required the performance of substantially equal work to that performed by the Plaintiff, and the Defendant paid that co-employee at the GS–12 level. The payment of different rates of pay for substantially equal work was violative of the Classification Act of 1949.

Complaint, ¶ 14. 5 U.S.C. § 5101 provides as follows:

It is the purpose of this chapter to provide a plan for classification of positions whereby—

(1) in determining the rate of basic pay which an employee will receive—

(A) the principle of equal pay for substantially equal work will be followed; and

(B) variations in rates of basic pay paid to different employees will be in proportion to substantial differences in the difficulty, responsibility, and qualification requirements of the work performed and to the contributions of employees to efficiency and economy in the service; and

(2) individual positions will, in accordance with their duties, responsibilities, and qualification requirements, be so grouped and identified by classes and grades, as defined by Section 5102 of this Title, and the various classes will be so described in published standards, as provided by Section 5105 of this Title, that the resulting position-classification system can be used in all phases of personnel administration.

Plaintiff evidently filed an administrative challenge of the grade classification of his position. The Regional Administrator of Region IV, on August 11, 1981, issued to plaintiff a decision that his position was properly classified as a GS–11. This Position Classification Decision properly notified plaintiff of his right to appeal administratively the classification ruling, which plaintiff failed to file. See Affidavit of William A. Waldrop, Jr., ¶ 3.

Notwithstanding any exhaustion of remedies problem, the United States Supreme Court has held that the Classification Act does not provide any express grant of substantive rights:

We find no provision in the Classification Act that expressly makes the United States liable for pay loss through allegedly improper classifications. To be sure, in the "purpose" section of the Act, 5 U.S.C. § 5101(1)(A), Congress stated that it was "to provide a plan for classification of positions whereby ... the principle of equal pay for substantially equal work will be followed." And in subsequent sections, there are set forth substantive standards for grading particular positions, and provisions for procedures to ensure that those standards are met. But none of these several sections contain an express provision for an award of back pay to a person who has been erroneously classified.

United States v. Testan, 424 U.S. 392, 399–400, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). In Testan, government trial attorneys with grade GS–13 classifications requested their employing agency to reclassify their positions to grade GS–14. They contended that their duties and responsibilities met the requirements for the higher grade and were identical to those other trial attorneys classified as grade GS–14 in another agency, and that under the principle of "equal pay for substantially equal work" prescribed in the Classification Act they were entitled to the higher classification. The instant case, thus, is substantially identical on its facts to that presented in Testan. The Supreme Court noted:

The present action, of course, is not one concerning a wrongful discharge or a wrongful suspension. In that situation, at least since the Civil Service Act of 1883, the employee is entitled to the emoluments of his position until he has been legally disqualified. United States vs. Wickersham, 201 U.S. 390 [26 S.Ct. 469, 50 L.Ed. 798] (1906). There is no claim here that either respondent has been denied the benefit of the position to which he was appointed. The claim, instead, is that each has been denied the benefit of a position to which he should have been, but was not, appointed. The established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it. United States vs. McLean, 95 U.S. 750 [24 L.Ed. 579] (1878); Ganse vs. United States, 180 Ct.Cl. 183, 186, 376 F.2d 900, 902 (1967). The Classification Act does not purport

by its terms to change that rule, and we see no suggestion in it or in its legislative history that Congress intended to alter it. *Testan,* 424 U.S. at 402, 96 S.Ct. at 955. Like in *Testan,* plaintiff here is not contending a wrongful discharge or a wrongful suspension. Plaintiff here has not contended that he has been denied the benefit of the position to which he was appointed. Given his dissatisfaction of the alleged inequality of treatment between himself and Mr. Payne, the contention is that he has been denied the benefit of a position to which he should have been, but was not, appointed. Therefore, as in *Testan,* the Classification Act has no part. *See Haneke v. Secretary of Health, Education and Welfare,* 535 F.2d 1291, 1293–95 (D.C.Cir.1976).

## VI.

Plaintiff contends that defendant's failure to promote or compensate plaintiff was an unjustified or unwarranted personnel action which resulted in the withdrawal or reduction of all or a part of the pay, allowances, or differentials of the employee, thereby violating the Back Pay Act, 5 U.S.C. § 5596. Complaint, ¶ 17 (*see* Amendment to Complaint, ¶ 2 (filed August 13, 1982)). Once again, plaintiff's claim must fail.

In *United States v. Testan, supra,* the Supreme Court held that the Back Pay Act was intended to grant a monetary cause of action only to those individuals who were subjected to a reduction in their duly appointed emoluments or position. 424 U.S. at 407, 96 S.Ct. at 957. The Court stated:

> For many years federal personnel actions were viewed as entirely discretionary and therefore not subject to any judicial review, and in the absence of a statute eliminating that discretion, courts refused to intervene where an employee claimed that he had been wrongfully discharged. Relief was invariably denied where the claim was that the employee had been denied a promotion on improper grounds.
>
> Congress, of course, has now provided specifically in the Lloyd-LaFollette Act, 5

U.S.C. § 7501, for administrative review of a claim of wrongful adverse action, and in the Back Pay Act for the award of money damages for a wrongful deprivation of pay. But federal agencies continue to have discretion in determining most matters relating to the terms and conditions of federal employment. One continuing aspect of this is the rule, ... that the federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position or claims that he should have been placed in a higher grade. Congress did not override this rule, or depart from it, with the enactment of the Back Pay Act.

424 U.S. at 406, 96 S.Ct. at 957.

## CONCLUSION

In summary, this court concludes that there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law on plaintiff's claims. *See* Complaint, ¶ 4 (filed July 30, 1982); Amendment to Complaint, ¶ 1 (filed August 13, 1982). Of course, the Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for subject matter jurisdiction. *See, e.g., Schilling v. Rogers,* 363 U.S. 666, 677, 80 S.Ct. 1288, 1295, 4 L.Ed.2d 1478 (1960). Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, is hereby GRANTED.