**Nettie FRIEDMAN, Plaintiff,**

v.

**William F. BOLGER, Postmaster General, Defendant.**

**Nos. 83 Civ. 4112 (MP), 83 Civ. 4113 (MP).**

United States District Court, S.D. New York.

Dec. 17, 1984.

Jose Rivera, Brooklyn, N.Y., for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Jordan Stanzler, Asst. U.S. Atty., New York City, for defendant.

MILTON POLLACK, Senior District Judge.

These are two actions under the Federal Age Discrimination in Employment Act, (ADEA) 29 U.S.C. § 633a. Plaintiff Nettie Friedman, an employee of the United States Postal Service, alleges that she was discriminatorily denied promotions on the basis of her age or in retaliation for successive EEO complaints that she has brought. She seeks declaratory judgments that defendant's alleged unlawful employment practices have deprived her of equal employment opportunities, injunctive relief against future discrimination, compensatory damages, and attorney's fees.

Plaintiff initiated the actions *pro se* but at trial was represented by an attorney. At the Court's urging, plaintiff sought the assistance of a trial lawyer experienced in Title VII matters. At the inception of the trial, the attorney stated that irreconcilable differences had developed regarding the conduct of the case, and asked to be relieved as Mrs. Friedman's attorney. The Court invited plaintiff to reconsider; she agreed that she should be represented by the attorney, and he remained.

The two actions were tried together to the Court on November 19 and 20, 1984. To expedite the trial and to have a clear picture of the employment situation, for each of the contested positions, the defendant set forth the available vacancy, the manner in which it was filled, and the reasons for the selection that was made. Plaintiff then took the stand and gave her version of her complaint. She also called upon employees of the defendant to testify. This was followed by defendant's rebuttal and, in some instances, further testimony from the plaintiff. At the close of the case, plaintiff's attorney requested that he not be required to give a summation and requested instead an opportunity, which was granted, to prepare a post-trial brief. Later, plaintiff's counsel waived submission of that brief.

Mrs. Friedman's qualifications as a senior secretary are not in dispute. She is 68 years old and has been employed by the Postal Service for approximately six years. Over the last 30 years, she has held a considerable number of secretarial positions in the private and public sectors, including some involving legal matters or work with attorneys. Plaintiff's legal experience was evident in the complaints that she prepared *pro se;* she also examined witnesses in a creditable fashion at the administrative hearings. All of plaintiff's applications for vacancies were acknowledged by defendant with approval of her general secretarial ability.

These are troubling cases. An apparently well qualified secretarial employee, in the protected age group, has been seeking promotion and has failed to succeed as the selectee in several job vacancies posted by her employer. She alleges that she has not been selected for the vacancies in question

because she is being discriminated against, either because of her age or in reprisal for successive (but fruitless) EEO complaints. However, the evidence fails to substantiate any of her complaints and specifically negates their validity.

For each job opportunity in question, the Court has carefully considered why the complainant was passed over, with or without an interview, and whether the multiple unsuccessful applications evince an unlawful pattern as to her or others. In each instance, there was no credible evidence of discriminatory conduct, purpose, or intent on the part of those who selected applicants for interview or made the ultimate determinations. Mrs. Friedman received dispassionate and fair consideration. The evidence demonstrates that she did not receive the promotions in question because, in each instance, another applicant was either more experienced in the particular skills required, or objectively better suited for the vacancy.

Plaintiff's complaints relate to the following positions:

1. Secretary B, Grade 11, Design and Construction;

2. EAS 15, Realty Transaction Technician, New England Freebo;

3. EAS 15, Contract Specialist;

4. EAS 10, Secretary, Human Resources;

5. EAS 11, Employee Relations Department.

Re Item 2: Because this position was given to a 62-year-old person, plaintiff is unable to establish a prima facie case of age discrimination with respect to this post, and has agreed to drop that claim. However, she now has asserted that reprisal motivated the treatment she was accorded.

Re Item 3: This complaint was settled at the administrative level, and, under the settlement, nothing remains for this Court thereon.

█ Re Item 5: An administrative hearing on this matter has been scheduled. Although failure to exhaust administrative remedies is not a defense to pursuit of legal remedies in this Court, it does represent a basis for a stay which this Court granted with plaintiff's acquiescence, terminating any further consideration of this item at this time.

Accordingly, the review of proof at the trial will focus on Item 1, Item 2 to the extent that it deals with the claim of discriminatory conduct in reprisal for having brought successive EEO claims, and finally, Item 4.

The Age Discrimination in Employment Act provides, in relevant part:

> All personnel actions affecting employees ... who are at least 40 years of age ... in the United States Postal Service ... shall be made free from any discrimination based on age.

28 U.S.C. § 633a.

█ To establish a prima facie case in an action based on non-promotion, a plaintiff must establish that: (1) she is a member of the statutorily-protected age group (40–70); (2) a job vacancy existed to which she sought promotion; (3) she was qualified for that vacancy; and (4) age was a determining factor in the failure to promote her. *Favors v. Ruckelshaus,* 569 F.Supp. 363 (N.D.Ga.1983). These requirements stem from the test for disparate treatment claims set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The Second Circuit has explained that "determining factor" means "factor that made a difference," in the sense that "but for his employer's motive to discriminate against him because of age," the action challenged would not have been taken. *Bentley v. Stromberg-Carlson Corp.,* 638 F.2d 9, 12 (2d Cir.1981).

█ Once the plaintiff has established a prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the rejection of the employee. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Hagelthorn v. Kennecott Corp.,* 710 F.2d

76, 81 (2d Cir.1983). This is a burden of production, not persuasion.

■ If the defendant carries this burden and its evidence is credible, the burden shifts back to the plaintiff to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093.

*Case No. 1:* Secretary B, Grade 11, Design and Construction Branch.—Plaintiff complains that she was discriminated against in not being selected for this secretarial position in the Design and Construction Branch. Although she applied and believed herself to be qualified, a younger person, Lindell Blake, was chosen for the position.

The defendant presented the testimony of Harold Krueger, the selecting official, who stated that he selected Ms. Blake because she had more experience in the Design and Construction Branch and had better dictation skills and experience. The position was in an office that was engaged in architectural and engineering work, a field in which the plaintiff had no recent experience. Dictation skills and facility in technical terminology were necessary because the position required an ability to take dictation from several technical persons, architects and engineers, in any given day. Mr. Krueger questioned both applicants about dictation and other relevant skills and determined that Ms. Blake's facility in dictation and her familiarity with design and construction terminology were superior to those of the plaintiff. He confirmed these impressions in telephone conversations with the applicants' supervisors.

On cross examination, Mrs. Friedman admitted that her complaint was not against Mr. Krueger and acknowledged that she had not listed him in her administrative complaint as an "alleged discriminating official." She testified that her age discrimination claim was based on the failure of the screening committee to recommend her for an interview. However, even though she was not interviewed initially, plaintiff did receive a timely interview with Mr. Krueger after she made known the existence of a "priority consideration" that she held and insisted on her right to an interview.

Plaintiff offered no evidence of bias on the part of any member of the screening committee. Because she did not list her age in her application form, the selection committee, which considered the applicants only through documents, could not have known her age or discriminated against her because of it. Moreover, four of the five applicants who were selected for final interviews were in the protected age group, i.e., more than 40 years of age. Based on the evidence presented, the Court finds that there was no discriminatory purpose or intent in connection with selecting another candidate; age made no difference in the selection.

*Case No. 2:* Realty Transaction Technician, EAS 15 (New England Freebo)— Plaintiff initially complained of age discrimination in not having been selected for this position. During the administrative process, she voluntarily withdrew her complaint of discrimination after learning that the selectee was 62 years of age. Nonetheless, plaintiff then claimed that the screening committee's decision not to recommend her for an interview was taken in retaliation for her repetitive EEO complaints.

In her direct testimony, plaintiff offered no evidence of retaliation. She called as a witness Ms. Cheryl V. Terrel, the head of the screening committee; the latter testified that plaintiff was not selected for an interview because her supervisor, Stephen Marcinek, had recommended her "with reservations." All the candidates chosen for interviews had been recommended without reservations.

The evidence showed that Mr. Marcinek had praised Mrs. Friedman's performance and recommended that she be selected for an interview. However, he stated that he had reservations as to whether plaintiff had the necessary experience to serve as a Realty Transaction Technician, a position

that is not secretarial but involves the processing of contracts, change orders, leases, and similar documents. Previously, Mr. Marcinek had recommended Mrs. Friedman without reservations when she applied for secretarial positions. In his testimony, Mr. Marcinek stated firmly that he did not discriminate against plaintiff; he explained that he was trying to help her get an interview but felt obligated to note her lack of experience for this particular job.

Thirty one applications were submitted for this position. The screening panel's job was to narrow this field to those candidates whom it found most qualified; accordingly, it reviewed the applications and determined which candidates merited an interview. The panel noted that although plaintiff had a basic understanding of some of the terminology employed, her knowledge of the field was not comprehensive. Ms. Terrel testified that Mrs. Friedman's name was passed over because her supervisor (of whom she did not complain) had recommended her only with the reservations noted. Ms. Terrel also testified that at the time the screening committee met, she did not know the plaintiff or have any knowledge that plaintiff had filed a discrimination complaint.

 There is no evidence that the panel's decision not to recommend Mrs. Friedman for an interview was tainted in any way by unfairness or discriminatory purpose. Because plaintiff has not demonstrated that the selecting official knew that she had filed complaints of discrimination and retaliated on that basis, she has failed to establish a prima facie case of reprisal. *See Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 46 (2d Cir.1980). The Court finds that there was no causal connection between the omission of an interview and plaintiff's participation in a number of discrimination complaints.

*Case No. 3:* Contract Specialist, EAS 15.—Plaintiff filed an administrative complaint alleging discrimination after she applied for, but did not receive, this position. On December 7, 1982, the parties entered into a settlement in which plaintiff waived any rights to litigate the underlying merits of the dispute. Plaintiff's present contentions about this position and/or the settlement agreement are unclear. However, it is sufficient to note that plaintiff has not attempted to reopen her administrative complaint pursuant to the procedure set forth in 29 C.F.R. § 1613.217(a).

*Case No. 4:* Secretary, Human Resources, EAS 10.—Plaintiff applied and was interviewed for this position, but did not receive it; the job was given to a younger person, Ms. Kelley King. The selecting official, Mr. James Baker, Manager of the Human Resources Branch, testified that plaintiff and Ms. King were the only applicants for the position. Baker conceded that both applicants were qualified for the position, and that plaintiff had a longer period of service. However, he stated that he selected Ms. King because she had two skills that the plaintiff lacked: namely, experience on the memory typewriter, and training in word processing. He testified that these skills were necessary because his department was already using the memory typewriter and had ordered word processing equipment. He also stated that in his experience, it normally takes more than 30 days to learn to use the memory typewriter well enough to perform the high volume of work in his department.

Baker testified that after Ms. King was selected and had been working for him, she obtained a promotion to another department; although the position was advertised, plaintiff did not reapply. He then selected a woman over 50 years of age who had had extensive experience in the use of word processing equipment and the memory typewriter. He stated that her qualifications were far superior to those of Ms. King or the plaintiff.

Plaintiff testified that during her interview, she was not asked about her experience with the memory typewriter. In response to an inquiry from the Court, she stated that at the time the interview took place, she had used a memory typewriter and was familiar with its operation, but she then acknowledged that her experience was

limited to practicing on a demonstration model. She also acknowledged that, at that time, she had had no training on word processing equipment.

 Given defendant's acknowledgement that Mrs. Friedman was a qualified applicant, the Court finds that plaintiff has established a prima facie case of age discrimination with respect to her nonpromotion to this position. *See Favors v. Ruckelshaus, supra.* However, the Court also finds that defendant has met its burden of articulating a legitimate, non-discriminatory reason for selecting Ms. King instead of Mrs. Friedman. *See Burdine, supra.* There was credible evidence that Mr. Baker made a legitimate choice between two qualified applicants by selecting the one with mechanical skills (i.e., the use of word processing equipment) that the other lacked; the selectee was the better qualified applicant. Thus, the burden shifted back to the plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not his true reasons but rather were a pretext for discrimination. Plaintiff has not met that burden; she has presented no credible proof that the reasons given by defendant were pretextural or that age made a difference in the selection.

Although plaintiff understandably was disappointed in the results of the various applications, her lack of success was not due to any improper consideration, intention, or conduct on the part of the defendant. The proof showed clearly that plaintiff applied for a succession of opportunities for which she was less qualified than the selectee, and that there were entirely legitimate reasons, unrelated to age or reprisal, that motivated the selections made.

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a), Federal Rules of Civil Procedure.

Accordingly, plaintiff's complaint is dismissed in all respects, with costs, except as to the claim that is still pending before the administrative tribunal, i.e., Case 5, which

has been marked "stayed" on the calendar of this Court.

SO ORDERED.